UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK WESTERMAN, Individually and For Others Similarly Situated, <br><br> v. <br><br> BUCHER & CHRISTIAN CONSULTING, INC. d/b/a BCFORWARD | Case No. 1:20-cv-01224 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

# ORIGINAL COMPLAINT

## SUMMARY

1. Bucher & Christian Consulting, Inc. d/b/a BCforward (BCforward) failed to pay Mark Westerman (Westerman) and other workers like him overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, BCforward paid Westerman and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Westerman brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Westerman performed work for BCforward in Indianapolis, Indiana.

7. BCforward is headquartered in Indianapolis, Indiana.

## THE PARTIES

8. During the relevant period, Westerman was an hourly employee of BCforward.

9. Throughout his employment with BCforward, Westerman was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

10. Westerman's written consent is attached as Exhibit A.

11. Westerman brings this action on behalf of himself and other similarly situated workers who were paid by BCforward's "straight time for overtime" system.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of BCforward during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

13. Westerman seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

14. The Putative Class Members can be easily identified by BCforward's payroll records.

15. BCForward may be served with process by serving its registered agent Justin P. Christian at 9777 N. College Ave., Indianapolis, Indiana 46280.

## COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, BCforward was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, BCforward was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, BCforward was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. BCforward has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

20. At all times hereinafter mentioned, Westerman and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

21. BCforward is a global IT consulting and workforce fulfillment firm that provides services and resourcing for leading businesses and government organizations.

22. In order to provide services to its clients, BCforward hires employees it pays on an hourly basis.

23. Westerman worked for BCforward as a Senior Project Manager.

24. As a Senior Project Manager, Westerman had a number of job duties.

25. Westerman would determine the scope of a project and the costs associated with projects, review quality of work, and keep projects on time.

26. Westerman was employed by BCforward from June of 2016 until December of 2018.

27. Westerman was an hourly employee of BCforward.

28. When Westerman worked for BCforward, he was paid $70 for every approved hour that he worked.

29. Westerman and the Putative Class Members were not paid a guaranteed salary.

30. Westerman worked for BCforward in Indianapolis, Indiana.

31. BCforward staffed Westerman to Eli Lilly and Company and OneAmerica.

32. BCforward staffs the Putative Class Members to a wide variety of companies including healthcare, financial institutions, advisory companies, and the power industry.

33. Westerman reported the hours he worked to BCforward on a regular basis.

34. If Westerman and the Putative Class Members worked under 40 hours, they were only paid for the hours they worked.

35. But Westerman and the Putative Class Members would regularly work more than 40 hours in a week.

36. For example, Westerman would routinely work 45 hours every week.

37. Westerman is paid his standard hourly rate of $70 an hour for the hours he worked over 40 in a workweek.

38. The hours Westerman and the Putative Class Members worked are reflected in BCforward's payroll records.

39. BCforward paid Westerman and the Putative Class Members the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

40. BCforward did not pay Westerman and the Putative Class Members overtime for all hours worked in excess of 40 hours in a single workweek.

41. Rather than receiving time and half as required by the FLSA, Westerman and the Putative Class Members only received "straight time" pay for overtime hours worked.

42. This "straight time for overtime" payment scheme violates the FLSA.

43. BCforward was aware of the overtime requirements of the FLSA.

44. BCforward nonetheless failed to pay certain hourly employees, such as Westerman, overtime.

45. Westerman and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

46. Westerman and the Putative Class Members regularly worked in excess of 40 hours each week.

47. BCforward did not pay Westerman and the Putative Class Members on a salary basis.

48. Any purported "salary" paid to Westerman or the Putative Class Members was not reasonably related to their actual earnings.[1]

49. BCforward paid Westerman and the Putative Class Members "straight time for overtime."

50. BCforward failed to pay Westerman and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

51. BCforward knew, or acted with reckless disregard for whether, Westerman and the Putative Class Members were paid in accordance with the FLSA.

52. BCforward's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

53. Westerman expressly incorporates the preceding paragraphs.

54. BCforward's illegal "straight time for overtime" policy extends beyond Westerman.

55. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No.

---

[1] The reasonable-relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily, or shift rate for the employee's normal scheduled workweek. Generally, a 1.5 to 1 ratio will be considered reasonably related. Because BCforward cannot meet the salary-basis test or the reasonable-relationship test, BCforward's white-collar defenses are inapplicable.

CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

56. BCforward has paid hundreds of hourly workers using the same unlawful scheme.

57. BCforward paid its employees straight time for overtime regardless of job position or job duties.

58. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

59. Accordingly, the illegal pay practices BCforward imposed on Westerman were imposed on the Putative Class Members because they were all paid straight time for overtime.

60. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

61. Numerous other individuals who worked with Westerman were paid in the same manner and were not properly compensated for all hours worked as required by federal wage laws regardless of job position or job duties.

62. Based on his experiences and tenure with BCforward, Westerman is aware that BCforward's illegal practices were imposed on the Putative Class Members.

63. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

64. BCforward's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

65. Westerman's experiences are therefore typical of the experiences of the Putative Class Members.

66. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

67. Westerman has no interests contrary to, or in conflict with, the Putative Class Members.

68. Like each Putative Class Member, Westerman has an interest in obtaining the unpaid overtime wages owed under federal law.

69. The precise number and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by BCforward.

70. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and BCforward will reap the unjust benefits of violating the FLSA.

72. Furthermore, even if some Putative Class Members could afford individual litigation against BCforward, it would be unduly burdensome to the judicial system.

73. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to BCforward, and to the Court.

74. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

75. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether BCforward required Westerman and the Putative Class Members to work more than 40 hours during individual work weeks;

    b.    Whether BCforward's decision to pay Westerman and the Putative Class Members straight time for overtime was made in good faith;

    c.    Whether BCforward paid Westerman and the Putative Class Members on a salary basis;

    d.    Whether BCforward failed to pay Westerman and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    e.    Whether BCforward's violation of the FLSA was willful; and

    f.    Whether BCforward's illegal pay practices were applied to Westerman and the Putative Class Members.

76.    Westerman and the Putative Class Members sustained damages arising out of BCforward's illegal and uniform employment policy.

77.    Westerman knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

78.    Westerman will fairly and adequately represent and protect the interests of the Putative Class Members.

79.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

80.    By failing to pay Westerman and the Putative Class Members overtime at one-and-one-half times their regular rates, BCforward violated the FLSA's overtime provisions.

81. BCforward owes Westerman and the Putative Class Members overtime pay at the proper overtime rate.

82. Because BCforward knew, or showed reckless disregard for whether, its pay practices violated the FLSA, BCforward owes these wages for at least the past three years.

83. BCforward is liable to Westerman and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

84. Westerman and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

85. Westerman demands a Jury trial.

## PRAYER

86. Westerman prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

   b. A judgment finding BCforward liable to Westerman and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and prejudgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Dated: April 22, 2020

Respectfully submitted,

/s/ *Scott D. Gilchrist*
Richard E. Shevitz (#12007-49)
Scott D. Gilchrist (#16720-53)
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400

9

Indianapolis, IN 46204
Phone: (317) 636-6481
rshevitz@cohenandmalad.com
sgilchrist@cohenandmalad.com

Michael A. Josephson
State Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**